# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-3290 |
| ) | |
| $34,107.00 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on the Plaintiff United States of America's Motion to Strike Claim Filed by Robert Parker, Motion for Default Judgment Against Defendant and Potential Claimants, and Motion to Cancel Scheduling Conference (d/e 10) and Supplemental Motion to Strike for Failure to Respond to Plaintiff's Special Interrogatories (d/e 11). The Motions are GRANTED IN PART and DENIED IN PART. The Court STRIKES Mr. Parker's claim (d/e 7) because he failed to file an answer and failed to answer the United States' special interrogatories. The Motion for

Default Judgment is DENIED with leave to refile. The Scheduling Conference has previously been cancelled.[1]

## I. BACKGROUND

On October 6, 2015, the United States filed a Verified Complaint for Forfeiture (d/e 1). The defendant is $34,107.00 in U.S. Currency. The defendant currency was seized during a traffic stop involving several individuals, including Robert A. Parker.

**A.   Rules Governing Forfeiture Actions**

The manner in which property subject to forfeiture may be seized is contained in 21 U.S.C. § 881(b). <u>United States v. Four Thousand Two Hundred Ninety and 00/100 ($4,290.00) in U.S. Currency</u>, No. 12-3141, 2014 WL 859561, at *2 (C.D. Ill. Mar. 5, 2014). Rule G(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (Supplemental Rules) and 18 U.S.C. § 983(a)(4)(A) and (B) address the filing of claims and answers by persons who assert an interest or right in the property that is the subject of the forfeiture action. <u>Id.</u>

---

[1] On December 30, 2015, United States Magistrate Judge Tom Schanzle-Haskins cancelled the scheduling conference by way of a text order.

Rule G(2) of the Supplemental Rules requires that the government file a verified complaint for forfeiture. The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant. Supp. Rule G(4)(b)(i). Moreover, when publication is required,[2] one of the means by which the government can publish the notice is by posting a notice of forfeiture on an official internet government forfeiture site for at least 30 consecutive days. Supp. Rule G(4)(a)(iv)(C).

A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim. Supp. Rule G(5)(a). The claim must: identify the specific property claimed; identify the claimant; identify the claimant's interest in the property; be signed by the claimant under penalty of perjury; and be served on the government attorney. Rule G(5)(a)(i)(A)-(D). In addition, a claimant must serve and file an answer to the complaint within 20 days after filing the claim. 18 U.S.C. § 983(a)(4)(B) (requiring an answer

---

[2] Publication is not required when the property is worth less than $1,000 and direct notice is sent to every potential claimant or when the court finds that the cost of publication exceeds the property's value and other means of publication would satisfy due process. Rule G(4)(a)(1)(A),(B).

be filed no later than 20 days after filing the claim); but see Rule G(5)(b) (providing that the answer must be served and filed within 21 days of filing the claim).

The government may serve special interrogatories on a claimant after a claim is filed but before discovery is closed. Supp. Rule G(6)(a). The scope of the special interrogatories is limited to the claimant's identity and relationship to the defendant property. Id.

Finally, the government may move to strike a claim or answer any time before trial for failure to comply with Supplemental Rule G(5)—which sets forth the requirements for filing a claim and answer—or Supplemental Rule G(6)—which sets forth the procedure for special interrogatories. Supp. Rule G(8)(c)(i)(A). The government may also move to strike a claim or answer if the claimant lacks standing. Supp. Rule G(8)(c)(i)(B).

**B.    The Forfeiture Action in this Case**

In this case, the United States sent a Notice of Civil Forfeiture Action to Mr. Parker advising him that he must file a claim no later than November 10, 2015 and an answer no later than 20 days after filing a claim as required by 18 U.S.C. § 983 and Rule G of

the Supplemental Rules.  See d/e 2.  The United States also posted the Notice of Civil Forfeiture on an official government internet site as required by Rule G(4)(A)(iv)(C) of the Supplemental Rules.  See d/e 8.  The last date of publication was November 18, 2015.  Id.

On November 13, 2015, Mr. Parker filed a Verified Claim, which was executed on November 9, 2015.  However, Mr. Parker never filed an answer.

On December 10, 2015, the United States sent special interrogatories to Mr. Parker, pursuant to Rule G(6).  See Supplement (d/e 11).  Answers to those special interrogatories were due on or about January 4, 2016.  Id.  On January 11, 2016, the United States sent a letter to Mr. Parker regarding the status of his outstanding answers to special interrogatories.  Id.  As of January 22, 2016, Mr. Parker had not responded to the United States' letter and no answers to special interrogatories have been received.  Id.

On December 29, 2016 and January 22, 2016, the United States filed the Motions at issue herein.

## II. ANALYSIS

In the Motions, the United States asks that the Court strike Mr. Parker's claim because Mr. Parker failed to file an answer and because he failed to respond to the United States' special interrogatories. In addition, the United States asks that the Court enter a default judgment because Mr. Parker lacks standing to defend the forfeiture action (because he failed to file the required answer) and no other claimants have come forward.

The filing of an answer is required for a claimant to have statutory standing to defend or contest the forfeiture. United States v. Four Thousand Two Hundred Ninety and 00/100, 2014 WL 859561, at *2 (holding that a claimant must meet the procedural requirements of the statute and Supplemental Rule G to have standing). Because Mr. Parker failed to comply with the requirement that he file an answer, the Court is authorized to strike the claim. See United States v. 2010 Dodge Challenger, No. 12-CV-2222, 2013 WL 3778149, at *6 (C.D. Ill. July 19, 2013) (striking the claim because the claimant failed to file a timely answer); Supplemental Rule G(8)(c)(i)(A) (providing that the government may move to strike a claim or answer for failing to

comply with Rule G(5) or G(6)); Supplemental Rule G(8)(c)(i)(B) (providing that the government may move to strike a claim or answer because the claimant lacks standing).

Moreover, a court may strike a claim or answer when a claimant fails to answer special interrogatories. <u>United States v. Four Thousand Two Hundred Ninety at 00/100</u>, 2014 WL 859561, at *3 (noting that a court can strike a claim or answer for the claimant's failure to provide answers to the special interrogatories). Mr. Parker failed to respond to the United States' special interrogatories. Therefore, the Court STRIKES Mr. Parker's claim for failure to file an answer, which deprives Mr. Parker of standing, and for failure to file an answer to the United States' special interrogatories.

The United States also requests that the Court enter a default judgment. However, the Court's Standing Order S-11-25 requires that a party first obtain an entry of default from the United States Magistrate Judge and then seek a default judgment from the United States District Judge. The Standing Order also requires that the motion for default judgment be accompanied by an affidavit establish that the defaulting party is not an infant, an

incompetent person, or a person in military service. The United States has not followed this procedure. Therefore, the Motion for Default Judgment is DENIED with leave to refile.

### III. CONCLUSION

For the reasons stated, the United States of America's Motion to Strike Claim Filed by Robert Parker, Motion for Default Judgment Against Defendant and Potential Claimants, and Motion to Cancel Scheduling Conference (d/e 10) and Supplemental Motion to Strike for Failure to Respond to Plaintiff's Special Interrogatories (d/e 11) are GRANTED IN PART and DENIED IN PART. The Court STRIKES Mr. Parker's claim (d/e 7) because he failed to file an answer and failed to answer the United States' special interrogatories. The Motion for Default Judgment is DENIED with leave to refile. The Scheduling Conference has previously been cancelled.

**ENTER: February 11, 2016**

**FOR THE COURT:**

    s/Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**